IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-02462-PAB-CBS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROGER P. LOECHER,
EILEEN F. LOECHER, and
MIRIAM YEHUDAH,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Motion to Consolidate [Docket No. 14] filed by Denver Metro Fair Housing Center ("DMFHC"), a non-party to this lawsuit.  On December 22, 2015, DMFHC filed a separate lawsuit against defendants Roger Loecher ("Mr. Loecher"), Eileen Loecher ("Mrs. Loecher), and Miriam Yehudah ("Ms. Yehudah") concerning the same allegedly discriminatory housing practice at issue in this case.  See Case No. 15-cv-02784-CMA-KMT (Docket No. 1) ("*DMFHC*" or "the *DMFHC* action").  DMFHC seek an order consolidating this case with the *DMFHC* action.  Docket No. 14.  DMFHC states that the government, Mr. Loecher, and Mrs. Loecher consent to consolidation.  Docket No. 14 at 3.  In addition, Ms. Yehudah has stated that she does not object to consolidation of these two cases.  Docket No. 21 at 1.

## I. BACKGROUND[1]

Mr. and Ms. Loecher have owned Westland Apartments ("Westland") since February 1999. Docket No. 1 at 2, ¶ 5; Docket No. 28 at 1, ¶ 1. Since approximately March 2012 through the present, Mr. and Mrs. Loecher have employed Ms. Yehudah as the resident property manager of Westland. Docket No. 1 at 2, ¶ 7; Docket No. 28 at 1, ¶ 1. Westland consists of two buildings: a front building with 12 apartments and a rear building with 16 apartments. Docket No. 1 at 2, ¶ 11; Docket No. 27 at 2, ¶ 11. The front building is closer to the street. *Id.*

The government filed this lawsuit on November 9, 2015. Docket No. 1. The government alleges that, since at least March 2012, defendants have engaged in a pattern or practice of assigning families with minor children to apartments in the rear building and not assigning such families to apartments in the front building, even when there is a vacancy in the front building that meets such families' needs. Docket No. 1 at 3, ¶ 12. Between September 2013 and February 2014, DMFHC used test subjects to evaluate defendants' compliance with the Fair Housing Act, 42 U.S.C. § 3601 et seq. ("FHA"). *Id.* ¶ 14. Summarizing the experience of such test subjects, when a DMFHC tester represented that he had minor children, Ms. Yehudah showed the tester available apartments in the rear building, but when a DMFHC tester indicated that he did not have children, Ms. Yehudah showed the tester units in both the rear and front buildings. *See id.* at 4-5, ¶¶ 17-30.

---

[1]The following facts are taken from the government's complaint, Docket No. 1, and from DMFHC's complaint in the *DMFHC* action, *DMFHC* (Docket No. 1), and are included for background purpose only. Where a cited allegation has not been admitted, the Court does not assume the truth of such allegation.

On March 25, 2014, DMFHC filed a housing discrimination complaint with the Secretary of the Department of Housing and Urban Development ("HUD"), alleging that defendants had engaged in discriminatory housing practices against families with children in violation of the FHA. Docket No. 1 at 6, ¶ 33. Following an investigation and unsuccessful attempts at conciliation, the Secretary of HUD (the "Secretary") determined that reasonable cause existed to believe that unlawful discriminatory housing practices had occurred. *Id.* ¶ 34. On September 23, 2015, the Secretary issued a Charge of Discrimination pursuant to 42 U.S.C. § 3610(g)(2)(A), charging defendants with engaging in discriminatory housing practices on the basis of familial status in violation of Sections 804(a)-(d) of the FHA. Docket No. 1 at 6, ¶ 35. On October 8, 2015, DMFHC elected to have the claims asserted in the Charge of Discrimination resolved in a civil action. *Id.* ¶ 36. On October 9, 2015, the Administrative Law Judge terminated the administrative proceeding, *id.* ¶ 37,[2] after which the Secretary authorized the Attorney General to commence a civil action. *Id.* ¶ 38.

The government asserts two claims for violation of the FHA. *Id.* at 7-8, ¶¶ 39-44. The first claim, on behalf of aggrieved party DMFHC, alleges that defendants have engaged in discrimination on the basis of familial status in violation of 42 U.S.C. §§ 3604(a)-(d). Docket No. 1 at 7, ¶¶ 40-41. The second claim, on behalf of unnamed other persons injured by defendants' conduct, alleges that defendants' conduct

---

[2]The government states that the administrative case was terminated on October 9, 2014. Docket No. 1 at 6, ¶ 37. The Court assumes, consistent with the remaining allegations in the government's chronology, that the administrative case was terminated on October 9, 2015.

3

constitutes a pattern or practice of resistance to full enjoyment of rights granted by the FHA and/or a denial to a group of persons of rights granted by the FHA that raises an issue of general importance in violation of 42 U.S.C. § 3614(a). Docket No. 1 at 7-8, ¶ 43.

DMFHC filed its complaint on December 22, 2015. *See DMFHC* (Docket No. 1). DMFHC's allegations are substantially similar to the allegations in the government's complaint; *compare id.*, *with* Docket No. 1. DMFHC asserts one claim for relief for violation of 42 U.S.C. §§ 3604(a)-(d) and its implementing regulations. *DMFHC* (Docket No. 1 at 10, ¶ 39).

## II. ANALYSIS

Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Pursuant to Local Rule 42.1, the judge assigned to the lowest numbered case decides whether consolidation is warranted. D.C.COLO.LCivR 42.1. The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Fed. Prac. & Proc. § 2381 (2d. ed. 1995)). Therefore, the Court will consider both judicial economy and

fairness to the parties in exercising its discretion under Rule 42(a).  *See Harris v. Ill.-Cal. Express, Inc.*, 687 F. 2d 1361, 1368 (10th Cir. 1982).

Here, both cases involve the same alleged discriminatory housing practice and both cases stem from DMFHC's investigation into defendants' alleged misconduct. Additionally, plaintiffs in both cases assert violations of the same statute, 42 U.S.C. §§ 3604(a)-(d).  Thus, Rule 42(a)'s requirement of a common question of law or fact is satisfied.  Given the common questions of law and fact, the Court agrees with DMFHC that consolidation of these two cases will promote judicial economy.  Moreover, since all parties to both cases consent to consolidation, the Court finds that consolidation is appropriate.

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Denver Metro Fair Housing Center's Motion to Consolidate [Docket No. 14] is **GRANTED**.  It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR. 42.1, Civil Action Nos. 15-cv-02462-PAB-CBS and 15-cv-02784-CMA-KMT shall be consolidated.  It is further

**ORDERED** that the Clerk of the Court shall reassign Civil Action No. 15-cv-02784-CMA-KMT to Magistrate Judge Craig B. Shaffer.  It is further

**ORDERED** that, as of the date of this Order, all future pleadings and other filings shall be filed in this case only and shall be captioned as shown below:

Civil Action No. 15-cv-02462-PAB-CBS
    (Consolidated with Civil Action No. 15-cv-02784-PAB-CBS)

UNITED STATES OF AMERICA and
DENVER METRO FAIR HOUSING CENTER,

    Plaintiffs,

v.

ROGER P. LOECHER,
EILEEN F. LOECHER, and
MIRIAM YEHUDAH,

    Defendants.

DATED March 3, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge