**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02462-PAB-CBS
    (Consolidated with Civil Action No. 15-cv-02784-PAB-CBS)

UNITED STATES OF AMERICA and
DENVER METRO FAIR HOUSING CENTER,

    Plaintiffs,

v.

ROGER P. LOECHER,
EILEEN F. LOECHER, and
MIRIAM YEHUDAH,

    Defendants.

---

**JOINT STIPULATED PROTECTIVE ORDER GOVERNING THE USE OF
CONFIDENTIAL INFORMATION**

---

WHEREAS, in the course of discovery, the parties expect to produce documents and other information that may include sensitive corporate information, financial information, the identity of Denver Metro Fair Housing Center's (DMFHC) testers, and other private or personal information concerning third-parties;

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure contemplates the issuance of protective orders specifying the terms and conditions on which discovery may be had;

It is HEREBY STIPULATED by all the Parties herein, and ORDERED by the Court that, pursuant to Rules 26(c) and 26(f) of the Federal Rules of Civil Procedure, the following procedures shall govern the production and use of sensitive corporate information, financial

information, the identity of DMFHC's testers, and other private or personal information concerning third-parties (collectively "Sensitive Information") produced or obtained in discovery in this action:

1. Under the terms of this Order, counsel of record for any party may designate any Sensitive Information (or any portion thereof) that is produced by that party as "Confidential Information," by stamping or otherwise designating the page on which the Sensitive Information appears "Confidential."

2. A party may designate Sensitive Information as Confidential Information only if it in good faith believes that the information is entitled to confidential treatment and protection, such as sensitive corporate information, financial information, the identity of DMFHC's testers, or other private or personal information concerning third-parties. Information that has come into the public domain independent of this litigation shall not be treated as Confidential Information.

3. A party may challenge a Confidential designation by serving written objections upon the producing party within 30 days of the production of the pages designated as Confidential. If the parties are unable to resolve a dispute as to a Confidential designation by agreement within 10 days after service of the objections, a party may challenge the Confidential designation by application to the Court. The producing party shall have the burden of establishing that the disputed Sensitive Information is entitled to confidential treatment. Sensitive Information challenged as having improperly been designated as Confidential shall nonetheless be treated as Confidential and remain subject to the non-disclosure provisions of this Order until otherwise determined upon application to the Court or agreement of the parties.

4.   Except by the party producing such Confidential Information, Confidential Information and information derived therefrom shall be disclosed only to the parties and counsel of record for the parties in this action and may thereafter be disclosed only to:

(a)   the Court and any of its employees, if filed pursuant to paragraph 6 of this Order:

(b)   in-house counsel for the parties;

(c)   employees of such counsel of record or of in-house counsel assigned to and necessary to assist such counsel in the preparation of this litigation (such as paralegals, secretaries, etc.);

(d)   officers, directors or employees of the party that produced such Confidential Information;

(e)   officers, directors or employees of the party to whom such Confidential Information was produced or disclosed;

(f)   experts engaged by the party that produced such Confidential Information, and employees of such experts assigned to and necessary to assist such experts in the preparation of their testimony or advice;

(g)   experts engaged by the party to whom such Confidential Information was produced or disclosed, and employees of such experts assigned to and necessary to assist such experts in the preparation of their testimony or advice;

(h)   any other person of whom testimony is taken or is to be taken in this litigation, provided, however, that Confidential Information can be disclosed to such person only in preparation for, review of, or in the course of his or her testimony and that such person not retain such Confidential Information after his testimony is concluded;

(i)   any person, if agreed to by the producing party, provided that such agreement may not be unreasonably withheld; and

(j)   any other person, pursuant to further order of this Court.

Any person described in paragraphs 4(e), 4(f), 4(g), 4(h), 4(i) or 4(j) above, prior to being given access to Confidential Information shall be provided with a copy of this Order and shall execute the attached Certificate. If such persons appear on a witness list, copies of certificates

executed by these persons, or an affirmation that such certificates have been signed, shall be provided to counsel for the producing party at the time that the witness list is provided to such counsel. Certificates signed by any other person shall be provided to counsel for the producing party within 45 days of the end of trial on the merits or termination of these proceedings.

5. Any person who obtains access to Confidential Information through this action shall not reveal or discuss such information to or with any person who is not entitled to receive such information under the terms set forth in this Order.

6. Any papers that reveal Confidential Information that are to be filed with the Court shall be filed under seal. To the extent possible, a copy of any such papers also shall be filed in the public record, but with all Confidential Information redacted. A party may also choose to file a redacted version of the papers only, and in such circumstances the party need not file an unredacted version under seal.

7. Nothing in this Order shall prevent any party from seeking further protection with respect to the use of any such Confidential Information in connection with the trial, hearing or other proceedings in this action.

8. A party shall make a good-faith effort to designate Sensitive Information as Confidential at the time of production. Inadvertent or unintentional disclosure by any party of Sensitive Information, regardless of whether the information was designated as Confidential at the time of disclosure, shall not be deemed a waiver of a party's claim of confidentiality, and the parties shall, upon notice, thereafter treat such Sensitive Information as Confidential. A receiving party shall make a good-faith effort to locate and mark as Confidential any copies of such Sensitive Information upon receipt of such notice.

9.  Any party covered by this Order may at any time apply to the Court for relief from any provision of this Order.

10. Any party who has designated any information as Confidential pursuant to this Order may consent that the Confidential status of such information be removed by so notifying counsel for the other parties in writing or by so stating on the record at any hearing or deposition.

11. Within 60 days after the termination of this action, which shall include the final disposition of any appeal, documents containing Confidential Information and all copies shall be returned to counsel for the party who initially produced such documents or shall be destroyed (as confirmed in writing); provided, however, that counsel of record may retain pleadings, documents filed with the Court, and any work product and copies thereof, provided said materials are to remain subject to this Order.

12. The Court shall retain jurisdiction to make such amendments, modifications and additions to this Order as the Court may from time to time deem appropriate. The Court shall further retain jurisdiction to resolve any disputes concerning the disposition of Confidential Information at the termination of this action.

13. This Stipulated Protective Order may be modified by written agreement of the parties, subject to approval by the Court, or by Order of the Court upon good cause shown. The parties agree that they will tender this Stipulated Protective Order to the Court to be "so ordered" and that, prior to approval by the Court, this Stipulated Protective Order shall be effective and binding on the parties as if approved.

Date: April 5, 2016                          SO ORDERED:


   ___s/ Craig  B.  Shaffer_____
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02462-PAB-CBS
(Consolidated with Civil Action No. 15-cv-02784-PAB-CBS)

UNITED STATES OF AMERICA and
DENVER METRO FAIR HOUSING CENTER,

    Plaintiffs,

v.

ROGER P. LOECHER,
EILEEN F. LOECHER, and
MIRIAM YEHUDAH,

    Defendants.

---

**CERTIFICATION REGARDING THE STIPULATED PROTECTIVE ORDER
GOVERNING THE USE OF CONFIDENTIAL INFORMATION**

---

    I hereby certify, under penalty of perjury, and pursuant to 28 U.S.C. §1746, as follows.

    1.    Confidential Information is being provided to me pursuant to the terms and restrictions of the "Stipulated Protective Order Governing the Use of Confidential Information" ("ORDER"), which Order was entered in the above captioned case.

    2.    I have been given a copy of and have read that Order and agree to be bound by it.

    3.    I understand that all such Confidential Information and copies, including, but not limited to, any notes or other materials relating or referring to such Confidential Information, shall be returned to counsel for the party providing them no later than 60 days after the termination of this proceeding, or be destroyed (with written conformation provided).

4. I understand that a copy of this Certificate will be provided to counsel for the producing party.

Dated this \_\_\_\_ day of _____, 201\_\_\_.

_____
Name:
Affiliation:
Business Address:

2